# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# DAYTON

| | |
|---|---|
| **DAYTON SUPERIOR CORP., et al.,** | : Case No. 3:18-cv-00065-TMR |
| | : Judge Thomas M. Rose |
| **Plaintiffs,** | : |
| vs. | : |
| **JEFFREY OSBORNE,** | : **ORDER GRANTING PRELIMINARY INJUNCTION** |
| **Defendant.** | : |

THIS MATTER having come on for hearing before this Court on Plaintiffs' Dayton Superior Corporation ("Dayton Superior") and Michelle Erp ("Erp") (collectively, "Plaintiffs") Motion for Preliminary Injunction ("Motion") against Jeffrey Osborne ("Osborne"), and the Court having considered all materials submitted and reviewed the records filed herein, and having heard argument for both parties in open court on April 2, 2018, now therefore the Court hereby enters the following findings and conclusions:

1. To obtain injunctive relief, a party must show: (1) "a strong likelihood of success on the merits," (2) "irreparable injury without the injunction," (3) that the preliminary injunction would not cause "substantial harm to others," and (4) that the "public interest would be served" by the issuance of the injunction. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).

2. Dayton Superior has shown a strong likelihood of success on the merits of its claim for tortious interference with business relationships. Based upon the evidence and

argument presented to the Court, Dayton Superior established that it is likely to prevail. Defendant Jeffrey Osborne acknowledged in a letter he sent to Michelle Erp that he gathered information on Dayton Superior's customers, vendors, financiers and others. Dayton Superior considers this information to be confidential, proprietary and/or trade secret information. Osborne further admitted in his testimony that he intends to use the information to harm the business relationships of Dayton Superior.

3. Michelle Erp and Dayton Superior have shown a strong likelihood of success on the merits of their claim for civil assault and stalking. Based upon the evidence and argument presented to the Court, Erp and Dayton Superior have established that they are likely to prevail on the merits of their claim. Erp and Dayton Superior have shown that Osborne has attempted, without authority or consent, to offensively contact Erp and/or other Dayton Superior employees, or to place Erp and/or other Dayton Superior employees in fear of such contact.

4. Dayton Superior and Erp have shown that irreparable harm will result if a preliminary injunction is not granted. Dayton Superior has established that without a preliminary injunction, its business relationships may be irreparably harmed. Additionally, Dayton Superior and Erp have established that without a preliminary injunction, Dayton Superior employees and/or Erp and her family may be harmed or put in physical danger.

5. Dayton Superior and Erp have established that a preliminary injunction prohibiting Osborne from tortiously interfering with business relationships and/or coming in contact with Erp, her family, and other Dayton Superior employees would not cause Osborne substantial harm, as such conduct is already prohibited by law.

6. Dayton Superior and Erp have established that granting a preliminary injunction would further the public interest in that it would uphold the doctrine of at-will employment and promote the idea that a former employees who wishes to dispute the terms of his/her employment with a former employer should do so through the proper legal channels rather than engage in threatening conduct.

Based on the foregoing findings and conclusions, the Court hereby ORDERS as follows:

A. Osborne, and all persons acting in concert with him, is enjoined and restrained from directly or indirectly contacting or attempting to contact Erp (or any member of Erp's family);

B. Osborne, and all persons acting in concert with him, is enjoined and restrained from tortiously interfering with Dayton Superior's business relationships;

C. Osborne, and all persons acting in concert with him, must stay at least one mile away from Erp (or any member of Erp's family) and from any Dayton Superior facility; and

D. This Order shall remain in full force and effect until the earlier of: (a) entry of a permanent injunction; or (b) resolution of this matter through trial, mutual agreement of the parties, or otherwise.

IT IS SO ORDERED.

*s/Thomas M. Rose*

_____
District Judge Thomas M. Rose